2-12-183 People in the State v. Tyrone Watt On behalf of the Appellant, Mr. Levi Harris On behalf of the people, Ms. Colleen Price Thank you Good morning, Counsel Good morning He said I'm Assistant Defender Levi Harris on behalf of my client, Tyrone Watt And with the Court's leave, I would like to focus my arguments this morning on our first and second issues And answer any questions you have about Obviously, any questions you have about anything, but without direction, that would be where I would steer my argument May it please the Court Tyrone Watt was not proved guilty beyond a reasonable doubt of home invasion firearm, aggravated kidnapping firearm And armed robbery with a firearm Where the jury never passed on one element of each offense Alternatively, he was found guilty of three non-existent offenses Now, as we mentioned in our briefs, conviction was only entered on the armed robbery count Because the others were merged into other counts So, for clarity's purposes, I'm going to focus on this armed robbery firearm conviction Count three is the one, really, that we're talking about, correct? Correct Let me ask you this What authority do you have for arguing that the defendant's entitled to an outright reversal for the armed robbery conviction As opposed to either a reversal and remand with a properly instructed jury Or what I think you discuss in your brief, that a reduction to robbery is inappropriate And you cite, I think, Barnett But what about Ross and Skelton, where the Illinois Supreme Court said that it was appropriate for the appellate court Where the evidence of dangerous weapon was insufficient To simply reduce the offense to robbery Why would that be inappropriate here? Well, Your Honor, I have a couple answers to that First, I think the case on which we rely for our main substantive argument, Washington And, specifically, Justice Kilbride's dissent He talks about the error that he finds Which the majority did not look at The majority sustained the convictions on other grounds And found that this was a charge under pre-old statute But when Justice Kilbride finds this error He says, based on the record, the applicable statutes and the state's arguments That he would conclude that the state had failed to prove the defendant guilty of any aggravated offense Which would seem to indicate Again, any aggravated offense Again, that's my point Justice Kilbride does not discuss Skelton and Ross in his dissent, does he? No, Your Honor Do we have the option of simply ignoring an established body of law? It's basically the same argument The old statute, but the same issue Although it's not insufficiency of the evidence here It's an instructional error Where traditionally the relief that's granted is reversal in remand With a properly instructed jury But it appears that the state hasn't asked for that relief And your argument is we shouldn't even reduce it to robbery Correct, Your Honor Your Honor, I think that armed robbery and civil robbery I don't know that we would call it I mean, there is aggravated robbery I don't know that you would talk about Well, we're going to vacate the aggravated portion of it Well, there's no question that he didn't just pretend to have a weapon There was a Whether it's a firearm or a dangerous weapon There was no quote-unquote aggravated robbery Where there's a pretense of a weapon, correct? I would say that, again, like the facts in Washington That there's no evidence of a dangerous weapon other than a firearm Which is what the statute requires So in other words, you're saying in essence That the jury found the guilty of an offense That they were never instructed on and he was never charged with Is that in essence part of your problem? Correct, and I would go a step further, Your Honor That that offense doesn't even exist anymore And I think in thinking about this in briefing And thinking about it in an oral argument In preparing for an oral argument I think that when we're thinking with our minds And just using everyday language or whatever You think, well, okay, a gun is dangerous And so, okay, he was a dangerous weapon It's a gun I was about to ask you that Is it a firearm or a dangerous weapon? I think in other contexts it is But in this context, the legislature With the intention of prescribing Of setting forth higher offenses for firearms Of punishing gun crimes more seriously Has determined that there are now two ways To violate this statute You can either violate it and commit armed robbery With a dangerous weapon that is not a firearm Or you can commit it with a firearm But you can't do both It's like the old saying, never the twain shall meet It's either or Had the legislature written the statute So that it was a dangerous weapon Or, you know, the next step in subsection 2 Bumps it up to, well, it's a firearm Then maybe that's it Well, you say it's either or Could a jury, could a state indict The defendant on alternative theories And then submit instructions on both? Certainly, your honor And the state does that all the time But it didn't do so here What about the state's forfeiture argument? You know, you didn't object The trial counsel didn't object No alternative instruction was offered Basically went over everyone's head Because the defense wasn't focused on Whether or not it was a firearm The defense in the case was Your client was duped He was just the driver that night And got pushed out of the car Your honor, I think that under You know, we put forth this reasonable doubt argument Which you never ask whether that's forfeited You know, you can raise it at any time Regardless of whether you brought it forth We put forth a voidness argument You never look for whether that's been waived A void judgment can be attacked at any time And, you know, with plain error I mean, the only way you get to plain error Is if you assume that the error has been forfeited So we're not arguing that this error was properly preserved We're arguing that, in effect, it's an error so serious That, you know, it really is An instructional error of this type Is not among the list of errors That the Supreme Court has considered To be structural errors Do you agree that there was no question That the jury was properly instructed Regarding proof beyond a reasonable doubt, correct? Your honor, I don't think so Respectfully, I don't agree with that formulation of the question I don't think the jury was ever properly Was ever given the opportunity To weigh in on this element of the offense And they weren't instructed with regard to the charge That the defendant had against him in the indictment Under 18-2, correct? Correct So if we vacate the armed robbery conviction Does this affect the defendant's sentence at all? Your honor, it affects the defendant in In the following ways Aren't these sentences all concurrent? They're all concurrent And this is not the longest sentence, correct? So, I guess you could look at that Not that that is obviously the defining consideration But I'm just looking at it from the standpoint Of looking at all these different charges in the sentences The sentence wouldn't be short, would it? Correct But this would, you know, this is not This is not just, well, it's academic I mean for Right, and it isn't academic So I'm not suggesting that based on that The case is over, so Well, no, I know But I mean, there are real-world consequences For people, the more convictions And certainly the more class-X convictions That they have going down the road You're trying to get a job You're trying to get back out in the working world And be respected in the community Armed robbery is not one of the ones That we usually associate with, you know The community of nice people So this has serious consequences for my client I think I would like to just briefly address This business of voidness And then if your honors don't have any other questions I would like to move to the second issue But, you know, a void judgment as we know Is a judgment that a court never has authority To enter in the first place And it could be collaterally attacked at any time That's the basic law Correct So I think, you know, for Usually when we're thinking about voidness We're thinking about, as has risen several times In the past few years Of sentences that are in excess of statutory permission Or sometimes sentences that fall below What is statutorily permitted And it ends up, it's a void judgment In fact, that's what ARNA was about But in this case, this gets to sort of the very basic idea Of when does a judge have the authority To enter a judgment of conviction To enter a judgment of conviction You would have to have a finding of guilt On something that's actually proscribed by the legislature Well, a judgment is complete Criminal conviction and judgment is complete When sentence is imposed, correct? Correct And in this case, the sentence that was imposed Was not for armed robbery with a firearm, correct? Correct So the trial court never, you know He imposed a sentence on you And your position is, impose a 26-year sentence On a finding that was made by the jury For a crime that the defendant was never convicted of Never found guilty of Never found guilty of, correct Never charged with And that the legislature does not proscribe anymore You can either be guilty of dangerous weapon Not a firearm Or firearm, but not both And again, I mean, that's something that, you know If there's confusion, that belongs in Springfield And I would not begin to presume What was in anyone's minds In establishing these statutes that way But that's what we've got to work with At the sentencing hearing in the state After the 15-year add-on Your Honor, I believe that what happened was After this came up The trial court said I'm not going to throw out these convictions But basically insulated the other two convictions From review by folding them into these other two things So I don't think I think at that point Everybody thought We've dropped the ball Let's not look for that add-on Arguably, if we were to follow this line of cases Jones and some other cases that say That where the evidence is overwhelming On an element That can be harmless there If we had followed If we were to follow that And say We affirm the defendant's conviction Of armed robbery with a firearm That would require a remand For resentencing, correct Because the 15-year add-on was never imposed I don't think so, Your Honor Because the jury The jury is not You're talking about just a remand for resentencing The trial court said I'm affirming I'm not I'm not going to grant you the trial On armed robbery with a firearm But then imposed a sentence That was not consistent with Conviction for armed robbery with a firearm He imposed a A dangerous weapon Or any other form of armed robbery Right, and that's the only finding that there is There is no finding of guilt on That's why we're here So I God forbid this should happen But if there is a remand And a resentencing with a firearm add-on I would expect that we would be back here shortly Making a voidness argument So if Your Honor Does have any other questions on this Or if you'd like to jump back to it That's fine But otherwise I'd like to move to My second issue Which is that The trial court erred in admitting evidence That the prior consistent statements Of George Bates Which improperly bolstered his credibility And was used in closing argument To say oh he's been consistent the whole way through Counsel if I can Actually start with another issue The 911 call The trial court admitted that As an excited utterance The defendant at trial didn't Object To its admission on the grounds That it was a prior Consistent statement And yet that's what you argued In your brief And that's the first time It comes up How can you raise an issue on appeal That was never preserved below Well Your Honor Two things about that First with the filing of the State's late breaking news Yesterday or two days ago Of these cases from my I'm not going to be moving forward With that argument But I also think that the arguments Are consistent in that Counsel at trial Was arguing that These are inadmissible hearsay We're arguing that they're inadmissible hearsay We're just arguing that it's inadmissible Because it's prior and consistent But to get back to George Bates Is that a smooth segue Excellent To get back to George Bates You know the prior consistent statement rule Is that prior consistent statements Of witnesses that are consistent With their trial testimony Cannot come in unless there has been An allegation Or a charge of recent fabrication Or a recent motive to lie That has arisen Even when that is the case The state still has to demonstrate That the statement was made Before the motive to lie Or to fabricate arose And the statements don't come in For substantive evidence They just come in for rehabilitative purposes In this case all of those things Were sort of thrown out the window And again unfortunately this error Was not preserved Which I will get to if I can After I've talked about the substance of this But there was no charge Of recent fabrication Or recent motive to lie With George Bates George Bates the co-defendant Takes the stand And the state on direct As a good state's attorney would Elicits all of these Prior convictions that he's got Now Mr. Bates let's get this out of the way Don't you have a conviction for this that and the other And in fact haven't you been in trouble In jail Since you've been While charges are pending in this case And by the way Didn't you get a pretty good deal on this Yeah you got the time cut and you agreed to testify All of that stuff Preliminarily happens Under the state's attorney's Direct examination so this is not stuff That the defense attorney Gets up and elicits This is stuff that again any good state's attorney Would get out of the way before moving on And trying somehow to put his witness back together And get something out of him that the jury Can believe But wasn't there the inference on cross examination That Bates had fabricated his testimony After meeting with Martin Your honor I don't think so At the police station I heard my time statement I don't believe so You know the question was If I can just look at it After you were questioned the detectives Gave him his answer to the question Was that the detectives did put him in a room With Martin for 15 or 20 minutes And what did you talk about While I asked him why he signed his statement So you know There was a question of Okay you've been put in there And I don't know what Counsel was trying to get at By asking that question But you know I think the question In and of itself it wasn't And didn't you get in there and you had an opportunity To make this whole thing up but did you talk about Who you're going to pin this on and did you talk about How you're it was just okay And after you talked what happened then I was in the thing what did you talk about I asked him why He signed this statement against me It's the old saying about Honor among thieves I guess But you know there's no implication That he made this up And you know even if he did have a motive To lie we argued that the motive to lie In his case Has existed from the very moment That he was arrested for the crime and indeed From the moment that he began the crime The standard of review is abuse of discretion It's not what the argument was It's the perception of the trial court When he made the ruling correct Your honor this is a little dicey Because in a situation where the error Is not preserved there is no discretion That was exercised so that's why We're in the realm of plain error Now let me jump to that And then I'll get back to my point about this If I may You know the situation With the error not being Preserved in the trial court Can allow review for unpreserved errors When there's a clear or obvious error And either it's so serious that it affects The integrity of the proceedings Or in this case where the evidence is Closely balanced and the error itself Threatened to tip the balance Against the defendant In this case George Bates is the case I mean he is the reason That Tyrone Watt is convicted And in prison His testimony put my client away You've got a man Who has multiple prior felonies He admits to committing On a closely balanced issue The victim identified Or she didn't identify She described four intruders correct? Correct The car that your client is driving Is the car That had four occupants including him As a driver until he was pushed out And the proceeds along with the firearm Were recovered from that vehicle Your Honor I would not go that far That's a lot of corrects for me to sign on to There were four people in the apartment There were four people in the car later There's no testimony about what these guys Looked like who they were My point is it wasn't just Bates There was more than just Bates I think Bates is the only one Who gave any direct evidence That my client was the guy who did the crime I mean you've got circumstantial evidence You mentioned the proceeds And I would quibble with that Because it's not like a situation Where you've got a Set up drug buy Where you've got marked funds And you can track those down In this case you've got a young lady Who says well I had five or six thousand dollars Sitting on my dresser Which seems incredible The state made a lot of Well what's this guy doing out here In a snowstorm with cash What is anybody doing with five or six thousand dollars I had a great grandmother We called her Granny Grunt After the depression she kept her money in her Mattress until the day she died I don't know why people don't put their money in a bank But there's no way to say That this money was Had illegitimately But we can completely believe This young lady that she's got this cash sitting around And you know Our client's behavior Was not the behavior of A man who just committed Multiple class acts felonies I mean I've been pulled over by Police for speeding tickets I don't like it But you don't fall out of your car? No I don't fall out of my car onto my face At gunpoint And have these people throw me out And get away And I certainly wouldn't pull that car over If I were facing six to thirty plus firearm Can we get back to a question I'm not sure that we actually got a definitive answer On this motive to fabricate It would appear that Bates statement To Detective Bowman preceded his talking to Martin Correct? Correct So on what basis then What's the motive to fabricate Specifically that you're alleging gave rise to this allegedly false statement What was the motive then? I think his motive to fabricate Was the same Thank you your honor for bringing this up Because that's what I was going to get back It was the same from the inception of the case From the time he was arrested And even from the time he planned the offense But wouldn't you make this argument though In any case where there's co-defendants You're going to say he's involved in the offense Therefore anything that he says Has to have a motive to fabricate How do you get around that argument That this would apply arguably in every single case Without any specific evidence of the same Well your honor I think A couple things One I think that I think that a motive to fabricate In a co-defendant case does exist Almost in every one of these cases Does the law say that? Will we announce a principle that would knock out the exception then Because you're saying Anytime co-defendants are involved in the planning Automatically when they're arrested There's a motive to fabricate That seems to be what you're saying Well no your honor what I'm saying is That in this case the state has not Or pointed to any other new motive to fabricate If there was a different motive to fabricate Let's say somebody had threatened him Let's say that he got a different deal Let's say that there was some other thing that arose We're not saying that no other motive to fabricate Can ever arise We're saying one didn't in this case You're saying one is inherent in this case Correct We're saying that a man who has Planned these attacks Who set them up Who got all the guys together Let's get a gun Let's go commit a home invasion Has every reason to pin this on On anybody really But the person that he settled on Was Tyrone White He couldn't wait to get his mouth open And start singing as soon as he got in that room Although Bates fled the scene So for all you know when he's talking to the police Martin could have confessed He could have negotiated something He doesn't know that does he Well I think that that's what he That's what he I think that's what he was wanting to know He wanted to know why he signed the statement So the implication I don't know that it ever comes out I don't know that it ever comes out explicitly But the implication is that Martin has already That he's being confronted with a statement That Martin either made Or that the police wanted him to make But you're not getting off into the realm of speculation Are you Well your Honor You invited me into this realm So I just wanted us to go there together All right You'll have time on Rubello So are you able to Thank you your Honor and I'll be back Thank you All right Ms. Bryce Morning Counsel Morning We have a motion to cite additional authority And Counsel Opposing Counsel did indicate I believe he received the cases Correct Counsel All right We would Then respectfully grant your motion Thank you your Honor Your Honors good morning I'm Colleen Bryce for the people of the State of Illinois Counsel May it please the Court There are really three issues That we'd like to bring to this Court's attention That Counsel has discussed And As the Court noted The One conviction with the Object is the armed robbery But however Even though that was the only one where a conviction was entered on That His claims Implicate all three IPIs So we'd probably like to begin with that We have to say The people say that Here First of all we'd like to get this off our chest This isn't a non-existent offense This is a very real offense That occurred And It's non-existent in terms of What he was charged with The statutory offense Was Involved the use of a firearm Not a dangerous weapon Correct I think that's why we're talking about a quote non-existent offense We all recognize that there was an event That happened Yes So let's focus on the legal aspect of that Did the state Offer A modified IPI instruction No the state did not And People just like to note that Although we don't want to shove everything off on the defendant The defendant did not offer a non-IPI As well And did not object until later When they filed post-trial motions So can we agree upon this The jury found him guilty of an offense that they were not instructed on And that he was not indicted for Correct He was indicted for the firearm Not the dangerous weapon He was indicted for the firearm We stand by our brief and say that In this case there was no error Because of the following cases This is an instructional error This is not a non-existent offense And People v. Jones and People v. Holmes On the People's Brief Pages 18 through 19 Say that even though an error may have been committed In giving or refusing instruction It will not always justify a reversal And the element must be blatantly evident From the circumstances And where evidence of the element is overwhelming It does not warrant a reversal I think that's a correct statement Of those line of cases Now what's interesting to me Is that the state has cited Just alluded to by Senator Justice Zinoff The Washington case Yes You're citing that as authority The opposing counsel is citing it As his authority So tell us how Washington Controls the result of this case Oh, um, Washington He cites, this is the one where He, there's a couple of Washingtons in this case The one about the non-existent offense Is the dissenting opinion by Justice Kilgour Yes, that case is completely Distinguishable on the non-existent Offense area Because in that case The court found that he had been charged Under the wrong statute However, he forfeited that challenge Because he did not raise it And so they indicted him under the old statute Where a dangerous weapon was acceptable And the legislature had yet To parse out firearms From the dangerous weapon So this whole thing about a non-existent offense here Is just completely unpersuasive Because he was properly Indicted The people presented the evidence correctly We had expert testimony come in And say that That this weapon was loaded and operable We had the police officer say that it was loaded And we had an expert say that it was loaded and operable So it's an instructional error If it is an error, yes At most it is an instructional error Let me ask you this question Regarding The line of cases that you rely upon People versus Moore People versus POMYL P-O-M-Y-K-A-L-A Stand for this proposition That an error in a jury instruction Is harmless if it is demonstrated That the result of the trial Would not have been different Had the jury been properly instructed And there is a long line of cases That say that However, the result of the trial here Was that the trial court found That the defendant had been convicted Of armed robbery with a firearm So the result of the trial Should have been A 15-year add-on Which the trial court declined To impose because of A perceived apprendee violation So the result of the trial was different It was not the same Would not be the same The law requires a 15-year add-on Why didn't the state Argue for the 15-year add-on If your position is that the defendant Was convicted of armed robbery With a firearm under the line of cases You talk about? First of all, I think there is a difference Between the outcome with the sentence I think this is a little separate The outcome has to do with the jury verdict I disagree. I think you have to look at The entire record Not just the evidence But also the sentence that was imposed In examination of the record It seems that the trial court And the prosecution Might have misunderstood The validity of these add-ons They seem to talk about whether or not They were unconstitutional I think one of the public acts Is found void I'm not sure If your argument is correct Under white, people versus white We would be required To affirm the conviction for armed robbery With a firearm and remand the case For resentencing Requiring the court to impose The 15-year add-on That could be Or it seems that The 15 years plus 26 Would be 41 Or in this case The maximum for a class X felony Is 30 plus a 15-year add-on Which is 45 Here if you do the math The minimum sentence imposed Should have been 15 plus 6 Which would have been 21 This is within the sentencing With the add-on It seems that the court Didn't want to go Beyond the 26 years here And so I would say That this was a conscious effort To include the 15 years Let me just add one other question You're not asking for us To reduce the case to a robbery conviction And you're not asking us To remand the case To a properly instructed jury, correct? You're just asking us to affirm To affirm, yes So is your position reduced to a simplest term Is that there's an instructional error Because a firearm was introduced A firearm is a dangerous weapon In a sense So therefore it's like a lesser included No harm, no foul Is that sort of what you're saying here? It's not a lesser included No harm, no foul It's just If this court finds that these instructions Are erroneous Well they are, I think that's pretty clear Okay, then But how do we find How do we pull the verdict on a dangerous weapon? It has to be that the firearm is a dangerous weapon, correct? A firearm is a dangerous weapon But because the The Legislature has decided that they want A stiffer sentence on firearms And they separated a firearm out From the dangerous weapons That Here it's Not non-existent, it's not lesser included It's just an instructional error This court has the discretion to look At it and find that The people did not present any other dangerous Weapons, we did not present Any other firearms We presented the gun, the evidence is overwhelming As to that element of the Offense and we Respectfully request that this court Affirm the conviction and find that Even though Arguably the R.P.I. was incorrect That The conviction still stands Because there was sufficient overwhelming Evidence as to the firearm Okay, uh What about the council's other argument regarding The use of the prior Consistent statements? Yes, which one would you like to talk about, the 911 call Or Mr. Bates' testimony? Mr. Bates' testimony The people strongly Disagree that the Motive to lies is not Raised, actually If you look to defense's brief Initial brief, page 33 He takes a couple lines From the transcript Record citing 964 to 65 And This was brought out This is A little out of context The record Citing 956 is when Defendant on cross Talks about The agreement with the state and The people talk about this On our brief on page 22 That the Defendant implied that Bates not only had A motive to lie To secure a deal with the state but also Colluded with Martin to fabricate a Statement to the police So on 956 Defendant's cross examination He talks about the agreement with the state And then 958 he talks about the meeting with the prosecutor The inference which Arises here is that He fabricated his Statement and his testimony On record citing 962 Is the redirect of the state And then it goes in So obviously he disagreed that he fabricated Yes, there is an inference that he fabricated What about his argument that there was an Inherent motive to fabricate given his planning Of the offense? Your honor We spoke about it in our brief And you indicated That that can be said for any defendant With experience in the criminal justice System There were jury instructions that said that a Codefendant has Testimony of suspects so the jury Their reliance On his testimony is tempered in that Respect which Makes any impact Of or risk of An improperly admitted prior Consistent statement last Here however it was properly admitted Under the exception of motive to lie And Fabrication And Also any inconsistencies With the gun or The money or things like that That all goes to the weight of Mr. Wade's testimony It doesn't destroy all of his testimony So we disagree that he was Improperly bolstered. There were no These prior Consistent statements If at all considered prior consistent Statements it all had to do with rebutting An inference of Motive to lie and fabrication With respect to the 9-1-1 call then? With respect to the 9-1-1 call The people filed the motion To supplement. The reason we Filed this so late was because As your honor noted That Initially in the Pretrial motions the Defendant did Object to The admission of the 9-1-1 reporting based on the Excited utterance that it was an inadmissible hearsay We realized that The state can't Forfeit the forfeiture but we'd like to Point that out that he changed his theories Throughout. This really didn't Become clear in drafting the Appellee's brief We relied on the trial court because The trial court based its decision on The excited utterance which is why we Argued that in our brief and then The reply brief on page 10 It became absolutely clear that The defendant was saying well it's still A prior consistent statement so even if it's Hearsay admissible under one Ground of hearsay it's inadmissible under Prior consistent statement and obviously The people disagree We cited People v. Pointer And people v. Washington Where it states That I'm sorry Pointer goes into detail about it saying That a Prior consistent statement Has no factors of reliability It's just a statement It runs the risk of improperly Bolstering and Yes a jury if it hears something Repeated it will take it as Substantive evidence However here with an excited Utterance there are factors of reliability And truthfulness that are not available With any other prior consistent statement And so this is why It was not an use of discretion So what qualifies as an excited utterance That comes in as a prior consistent Statement even if it is Yes it comes in Here it was made within Minutes of she Testified Dominique testified that she Got loose in 30 seconds About there once she heard them leave And called them up it clearly fits Excited utterance if you listen to it you can Hear she's breathless everything like that And it relates so there's not enough Time to fabricate it relates to the event And obviously the event was Sufficiently startling So Is there anything else That the court would like to discuss I'm sorry People maintain that the sentences Were proper when the Judge stated that He there was not a mitigating Factor that would cause me to give A lesser sentence in this case We all know that A rehabilitative Potential is part of Mitigating factor and so and Judges do not have to Enumerate every mitigating factor And so the nature of the Crime it's not just his rehabilitative Potential the court does not have To just rely on that it's The nature of the crime breaking into this Woman's apartment for drug money And as for the Closeness of the evidence Defendant posits a theory That his That he was an unwitting getaway driver While also there was Just as much of an inference that the jury Could take that he wasn't innocently Thrown out of the car The police stopped The vehicle due to a traffic Violation they hadn't yet Acted on the 911 Call so as far as the police knew And as far as defendant knew it was just a Traffic stop and so a jury Could reasonably find that He he not Wanting to arouse the suspicions and starting High-speed chase would have pulled over for the traffic Stop his cohorts Understandably freaked out Kicked him out and and high High-speed chase ensued so that Is just as much a A viable theory As defendants So thank you Very much thank you Mr. Harris Thank you  Thank you Thank you Thank you Thank you Thank you Briefly your honor I would like to Just address Both of the issues That I addressed In my opening As The state pointed out that this case is Distinguishable from People vs Washington We're talking about the Kilbride dissent Not the 20-30 year old case And that's what makes That's what makes Kilbride's dissent Relevant here That's why there's no question We were indicted under the post 2000 Statute Even without Kilbride's dissent Which Reliance on a dissent is You have to be cautious But as persuasive authority That's fine But even aside from that All the cases that the state Talks about, Jones and other cases Did not involve the situation Where the defendant was found guilty Of an offense that he wasn't charged with Those cases involve situations Where there was a missing element For an offense that he was charged with But it's different This case is the defendant Was charged with armed robbery With a firearm And instructed on armed robbery The jury was instructed on armed robbery With a dangerous weapon So it makes it different, correct? I would agree with that, your honor I don't know if you misspoke Or what a little bit earlier But you said that the court had entered A conviction on armed robbery With a firearm But then declined to And of course that's not the case He entered the conviction on armed robbery With a dangerous weapon I also want to point out What he said, he mentioned that But then in the post-sentence Dangerous weapon, correct? I think that The only finding that there was Was dangerous weapon And that's the only conviction that was entered Was dangerous weapon And it's important to point out And I don't think the state Would disagree with this The state's not asking for a conviction On armed robbery with a firearm They asked for the conviction to be affirmed Which the conviction is Armed robbery with a dangerous weapon Counsel said that the firearm Is a dangerous weapon Again, that's Webster's, that's Merriam Whoever, that's not Illinois General Assembly They've decided there's dangerous weapons No firearm or firearm Counsel also pointed out Again, that there was evidence of the firearm And straight from Washington, Kilbride's opinion It's undisputed in this case That there was no evidence presented at trial Of the use of a non-firearm dangerous weapon Same deal here For Justice Kilbride, that didn't make the difference And again This goes, Justice Burkett Back to your point earlier About lesser-included offenses Neither party sought them at trial Neither party seeking them to be interviewed On the second issue The state Is the one who brought out this Evidence of, oh, he got a deal And he got a time cut So, you know, to use that and say, well, that raises an inference Of, I don't think the Statute of the Rules of Evidence Allow the state to bring out an inference Of, raise its own inference Of a motive to lie And then rehabilitate your own witness With a prior consistent statement You know, this George Bates is a man who's lying Not only about things in the case, but he's lying About things that don't make that much difference Like, well, Tyrone Watts The father of my cousin's baby What's your cousin's name? I don't know You know, I mean, he's not a particularly credible Person in any realm of his life It's also important To point out that the State doesn't get to bring in this prior consistent Statement to rehabilitate its witness Just because the witness was impeached somehow As we pointed out, you know, there are lies There are inconsistencies that he may even understand You don't get to bring in the prior Consistent statement for anything You have to bring it in to rebut the specific charge On the closely balanced Evidence, counsel said And I think maybe aptly That, well, it was just as probable Or it's an inference that could be raised That, you know, the car, you know, maybe He pulled it over and didn't know they were looking for him yet That's what closely It's just as likely, okay, that There was evidence of this, there was evidence of that We're not saying there are no Disfavorable or unfavorable Facts, if there were, we wouldn't Have a defendant at all, let alone one In prison Counsel mentioned briefly The business of Sentencing, and I don't want to dwell too long on that But, you know, We are dealing with a man who was a Small business owner with his fiancee, I believe Now wife, he raised Four of his own kids, he raised Her four stepchildren, her His four of his stepchildren, her children Let me ask you, I don't want to interrupt you But let me go back I'm looking at the sentencing order The sentence was imposed On 18-A2 Armed robbery with a firearm That's what the sentencing order says And this is the minimus? That's the judgment sentence Staten Island Department of Corrections Signed by Judge Foreman Okay, well That is not what the Court said, and as Your honors know We're not going to be able to blow it out If there's anything else, I'm happy to stay For hours, but if not, I'm happy to Sit down, thank you for that Thank you, counsel, the court will take The matter under advisement and render a decision In due course, we stand in brief Recess until the next case, thank you